IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RYAN J. OSWALD,

                                                                                      MEMORANDUM

        Plaintiff,

                                                                                      11-cv-217-bbc

    v.

NCO FINANCIAL SYSTEMS, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendant NCO Financial Systems, Inc. has filed a notice of removal of a state small claims case filed in the Circuit Court for Dane County, Wisconsin. In the underlying state case, plaintiff Ryan J. Oswald alleges that defendant has violated the Fair Debt Collection Practices Act by making numerous harassing phone calls. The court has not been able to proceed with this case because it has been very difficult to communicate with plaintiff, making it unclear whether he is aware of the decisions he must make in order to proceed with the case.

       In particular, this court's previous memoranda have been returned by the post office as undeliverable. In a May 18, 2011 memorandum, I instructed plaintiff to inform the court of his new address and stated that if he failed to do so, the case would be dismissed with

1

prejudice. This memorandum was both mailed to plaintiff (unsuccessfully), and read aloud to plaintiff's voice mail by clerk's office staff. Now plaintiff has responded in two ways. First, he left a voice mail with the clerk of court stating that the court had his correct address and that he still wanted to have the case remanded. Second, he has submitted a letter stating as follows:

> I'm writing this because I need to get an letter from you sent to the Dane County Courts that your courts will not be handling this issue that I did not originally request be moved to Federal Court. I contacted them but they said they will not open continue unless it is the term they state is remanded. I wish them to move on this matter and I want to quickly get this back into their court so this can get resolved.

Plaintiff's letter and his previous communications with the court show that he misunderstands the removal process. In short, it is not plaintiff's choice to decide where this case will be litigated. In his complaint, plaintiff alleges that defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., by harassing him with repeated phone calls. These federal law claims give this court the authority to hear the case. 28 U.S.C. § 1332. This provides defendant with the option of defending this case in federal court by filing a proper notice of removal and paying the $350 filing fee. 28 U.S.C. §§ 1914(a), 1332. Defendant has chosen to litigate this case in federal court, and it is too late to challenge the removal on non-jurisdictional grounds. 28 U.S.C. § 1447(c) (plaintiff given 30 days from filing of notice of removal to file motion to remand).

This leaves plaintiff with two options: (1) he can agree to litigate his case in this court; or (2) he can agree to have his case dismissed *with prejudice*. A dismissal "with prejudice"

means that plaintiff will not be able to file a new lawsuit containing these claims *in this court or in state court*. At this point plaintiff does not have the choice to litigate this case in state court. It is essentially "now or never" for plaintiff to pursue these claims.

I will give plaintiff a final chance to inform the court how he wishes to proceed. He will have until June 24, 2011, to inform the court *in writing* of his choice; the court will not accept a phone call from him reporting his choice. Should plaintiff fail to respond to this order in writing or continue to argue for having the case remanded to state court, I will dismiss the case with prejudice.

Because plaintiff continues to be unreachable by mail, I will have the clerk of court contact plaintiff by telephone and inform him of this memorandum. This is the last telephone communication I expect the clerk's office to have with plaintiff. In contacting plaintiff, clerk's office staff should confirm that plaintiff's address is P.O. Box 260052, Madison, WI 53726. I emphasize the point that it is plaintiff's duty to give the court an address at which he can be reached, not just a phone number. Should this memorandum be returned to the court as undeliverable, I will dismiss the case with prejudice.

Entered this 15th day of June, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3